IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASMINE DOVE ANNA GRAHAM, | Case No. 3:24-cv-01318-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| BRYAN LYNN BUTCHER, SR., | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Jasmine Graham ("Graham"), a self-represented litigant, filed three in forma pauperis ("IFP") actions in this district on August 12, 2024, including this diversity case against Defendant Bryan Butcher, Sr. ("Butcher"). On September 24, 2024, the Court ordered Graham to show cause in writing by October 11, 2024, explaining why the Court should not dismiss her claim for intentional infliction of emotional distress as barred by the statute of limitations. (ECF No. 9.) Graham subsequently requested and received extensions of time in which to respond to

PAGE 1 – OPINION AND ORDER

the Court's Order to Show Cause ("OSC"), making her response due by December 4, 2024.[1]
(ECF Nos. 11-14.)

## DISCUSSION

### I.     OSC RESPONSE

To date, Graham has not filed any OSC response or additional request for extension of time in which to respond. Although Graham failed to do so, the Court extends Graham's OSC response deadline to December 20, 2024 (i.e., the same day that Graham must file her objections to the Court's F&R in *Graham III*) given Graham's status as a self-represented litigant and representations that she was seeking counsel the last two months, dealing with the recent loss of a family member, and on the verge of resolving at least one dispute with Butcher. (*See* ECF No. 13 at 1.)

The Court, however, warns Graham that if she continues to fail to comply with the Court's orders and prosecute her case, the Court may exercise its sua sponte authority to dismiss her case. *See James v. County of Sacramento*, 691 F. App'x 485, 486 (9th Cir. 2017) (holding that the district court did not abuse its discretion in dismissing sua sponte the self-represented plaintiff's action after he "failed to comply with court orders and meet deadlines" (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002))); *see also Scott v. Diaz*, 286 F. App'x 508, 509 (9th Cir. 2008) (holding that "[t]he district court did not abuse its discretion by

---

[1] Graham also received an extension of time in which to object to the Court's Findings and Recommendations ("F&R") in one of her other pending IFP actions. *See Graham v. Terry Fam. Funeral Home (Graham III)*, No. 3:24-cv-01319-SB (D. Or. filed Aug. 12, 2024), ECF Nos. 10, 13-17. In the F&R, the Court recommended that the district judge dismiss without prejudice *Graham III* because Graham failed to meet her burden of establishing subject matter jurisdiction, and addressed the indispensable party doctrine, which was relevant to *Graham III* but applied to Graham's remaining and related case. *See Graham v. Butcher (Graham I)*, No. 3:24-cv-01317-SB (D. Or. filed Aug. 12, 2014), ECF No. 7 (reflecting that the Court's F&R in *Graham I*, a case to related to *Graham III,* remains pending given Graham's extension of time in *Graham III*).

PAGE 2 – OPINION AND ORDER

dismissing [the self-represented plaintiff's] actions for failure to comply with court orders and local rules after warning [the plaintiff] that non-compliance could result in the dismissal of his actions").

The Court also directs Graham to factors that are relevant to the Court's decision on such matters. *See, e.g.*, *Le v. Mcrae*, No. 22-55419, 2023 WL 166430, at *1 (9th Cir. Jan. 12, 2023) (explaining that a district court may exercise its sua sponte authority to dismiss an action "where at least . . . three [of the five relevant] factors strongly weigh in favor of dismissal," and "three factors strongly weigh[ed] in favor of dismissal" because "[t]he public interest in expeditious resolution of litigation always supports dismissal," the "district court's need to manage its docket also favor[ed] dismissal, as the district court 'is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest,'" and the self-represented plaintiff "did not present any non-frivolous excuse for his delay in filing the case statement [at issue, making it appropriate to] presume prejudice from his failure to prosecute") (simplified).

## II.     PENDING MOTION

In addition to extending the OSC response deadline, the Court denies Graham's motion for appointment of counsel because Graham fails to demonstrate that exceptional circumstances exist here.

At this early stage of the proceedings, Graham has not yet demonstrated a likelihood of success on the merits. *See Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1-2 (9th Cir. July 5, 2022) (holding that the district court did not abuse its discretion in declining to appoint pro bono counsel "earlier in th[e] case," and explaining that "[i]t was not necessarily clear that [the self-represented plaintiff's] claims had potential merit until after summary judgment"). In addition and on this record, the Court has no reason to question Graham's ability adequately to

PAGE 3 – OPINION AND ORDER

represent herself and articulate her state law claim(s) in light of the complexity of the legal issues involved. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (holding that the self-represented plaintiff's case did not present "exceptional circumstances" warranting appointment of counsel, and explaining that "a litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case"); *Fierro*, 2022 WL 2437526, at *2 (explaining that the "record . . . provide[d] some support for the conclusion that [the self-represented plaintiff] was ably litigating his claims *pro se*, and his . . . claims were not so complex as to require the appointment of counsel far in advance of trial").

For these reasons, the Court concludes that Graham's case does not present "exceptional circumstances" warranting appointment of counsel at this time. *See Fierro*, 2022 WL 2437526, at *2 (explaining that it "was not necessarily clear that [the self-represented plaintiff's] claims had potential merit until after summary judgment" and the "district court appropriately did [not] appoint [pro bono] counsel [until] it was apparent that the failure-to-protect claims would go to trial").

### III.   SERVICE OF PROCESS

Assuming Graham has not resolved her disputes with Butcher and intends diligently to prosecute her case and comply with the Court's orders and applicable rules, this action may go forward (i.e., at a minimum, Graham's conversion claim) without the payment of any filing fees or costs associated with service. Within thirty days of the Court's filing of this Opinion and Order, however, Graham must (1) prepare an original summons for Butcher and submit it to the Clerk of Court for issuance; (2) provide the original and sufficient service copies of the issued summons, the complaint, and any scheduling order for service upon Butcher to the Clerk of Court; and (3) complete the U.S. Marshals Service Form (USM285) for Butcher and submit it to

PAGE 4 – OPINION AND ORDER

the Clerk of Court. Graham may request and obtain summons and USM285 forms from the Clerk of Court's Office.

The Court directs the Clerk of Court promptly to issue summons in this case and forward the documents received from Graham for service of process, including the completed USM285 form, to the U. S. Marshals Service. Pursuant to 28 U.S.C. § 1915(d), the Court directs the U.S. Marshals Service to serve a copy of the summons and complaint, together with any scheduling order (as provided by Graham) on Butcher, pursuant to Federal Rule of Civil Procedure ("Rule") 4. Graham may choose to complete service pursuant to Rule 4 without the aid of the U.S. Marshals Service, but she must promptly file a return of service following completion of service.

Alternatively, Graham may voluntarily dismiss this action without prejudice if she has resolved the dispute or decides to resolve it in a different forum. *See generally* FED. R. CIV. P. 41(a)(1)(A)(i) (stating that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

## CONCLUSION

For these reasons, the Court extends the OSC response deadline to December 20, 2024, DENIES Graham's motion for appointment of counsel (ECF No. 3), and advises Graham that she must comply with the above service instructions within thirty days of the Court's filing of this Opinion and Order.

**IT IS SO ORDERED.**

DATED this 11th day of December, 2024.

_Stacie F. Beckerman_
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 5 – OPINION AND ORDER